**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

|  |  |
|---|---|
| **UNITED STATE OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Case No. 03-20126** |
| ) | |
| **LARRY BURSE,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

Larry Burse is currently serving a 151-month prison sentence after a jury found him guilty of distribution of and possession with intent to distribute cocaine base. Following his conviction and appeal, Mr. Burse filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (Doc. 91). Three days after the court denied that motion (Doc. 96), the court received Mr. Burse's motion for an extension of time to file a reply memorandum in support of his § 2255 motion (Doc. 97). That filing was recharacterized as a motion to alter or amend the judgment, and Mr. Burse was given additional time to file a brief in support of his request. (Doc. 99.)

Mr. Burse then filed a Motion for Reconsideration and Motion to Amend (Doc. 100), asking that he be allowed to amend his § 2255 motion to include an argument about Amendment 706 of the sentencing guidelines. Four months later, the Federal Public Defenders Office filed a Motion to Reduce Sentence (Doc. 106) on behalf of Mr.

Burse, arguing that Amendment 706 warranted a reduction in his sentence. The same office then filed a Second Motion to Reduce Sentence (Doc. 109), which was substantively the same as the previous Motion to Reduce, except that the previous motion had incorrectly indicated that the Government did not oppose the motion.

The Government agrees that Amendment 706 applies to Mr. Burse's sentence, but it contends that the court is not required to reduce his sentence and that the court should decline to do so (Docs. 105 & 111).

For reasons discussed below, the court agrees that Amendment 706 applies to Mr. Burse's sentence, and it reduces his sentence to 130 months.

## I.   PSR Calculations

As noted, Mr. Burse was convicted of five counts of cocaine base offenses. The Presentence Report (PSR) prepared in anticipation of sentencing attributed 28.33 grams of cocaine base to Mr. Burse, and thus calculated his base offense level at 28. Mr. Burse also received a two-point adjustment for obstruction of justice, making his total offense level 30. He had a criminal history category of V, and when combined with his total offense level, the sentencing range was 151-188 months. The court imposed a sentence of 151 months.

## II.   Amendment 706

Mr. Burse suggests that his sentence should be reduced pursuant to this court's authority under 18 U.S.C. § 3582(c), which allows a court to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a

sentencing range that has subsequently been lowered by the Sentencing Commission . . . consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The policy statement to which § 3582(c) refers is § 1B1.10 of the United States Sentencing Guidelines. Section 1B1.10 allows a court to reduce a term of imprisonment under § 3582(c) provided that the guideline range applicable to the defendant was subsequently lowered by one of the specific amendments to the Guidelines listed in § 1B1.10(c). U.S.S.G. § 1B1.10(a)(1).

Mr. Burse relies on Amendment 706, which modified base offense levels for cocaine base (crack) in the Drug Quantity Table of § 2D1.1. U.S.S.G. app. C Supp. Amend. 706. Amendment 706 is listed as a covered amendment in § 1B1.10, U.S.S.G. § 1B1.10 (Supp. 2008), so it applies retroactively and may serve as support for a § 3582 reduction in sentence. *See* U.S.S.G. app. C Supp. Amend. 713.

Upon considerations of the submissions of the parties and the factors set out in 18 U.S.C. § 3553(a), the court finds that the defendant should be granted a two-level reduction of his total offense level, consistent with Amendment 706. Thus, Mr. Burse's new sentencing guideline range is 130-162. His sentence of 151 months should be modified to 130 months. All other aspects of the original Judgment and Commitment Order shall remain the same.

The Government urges this court to keep the same 151-month sentence because of Mr. Burse's pretrial behavior and his testimony at trial, which the court found to be

perjury. But, even taking into account these actions, Mr. Burse was originally sentenced at the low end of the guideline range, and the court believes his sentence should remain near the low end of the revised guideline range in order to achieve a sentence that comports with the factors set out in 18 U.S.C. § 3553(a).

The Government also asks this court to deny Mr. Burse's request for a reduced sentence based on his alleged involvement in writing false letters on behalf of a fellow prisoner. Although this allegation is very troubling to the court, it should not bar the defendant from relief. The Bureau of Prisons has adequate sanctions at its disposal to address prisons violations, such as denial of good time and imposition of administrative segregation. Additionally, if circumstances warrant it, Mr. Burse could be prosecuted for any crimes he may have committed. But to deny the adjustment would ignore the underlying policy guidance of the Sentencing Commission that the large disparity formerly prevailing in sentencing for crimes involving cocaine in its powder and base forms simply is not justified.

### III.     Amendment 709

Mr. Burse also seems to make an argument in one of his pro se filings (Doc. 107) that Amendment 709 warrants a reduced sentence. Amendment 709 changed the wording of § 4A1.2(c) of the sentencing guidelines, which provides definitions and instructions for calculating criminal history points. That amendment, however, took effect on November 1, 2007, after Mr. Burse was sentenced, and it has not been made retroactive. U.S.S.G. § 1B1.10(c). Thus it cannot be used as a basis to alter Mr. Burse's

4

sentence.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion to alter to amend judgment (Doc. 97) and his motion for reconsideration and motion to amend (Doc. 100) are denied.

**IT IS FURTHER ORDERED** that defendant's Motion to Reduce Sentence (Doc. 106) is denied as moot.

**IT IS FURTHER ORDERED** that defendant's Second Motion to Reduce Sentence (Doc. 109) is granted. The sentence of the Defendant will be reduced from 151 months to 130 months.

**IT IS SO ORDERED** this 23rd day of March, 2009.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge